**NOT FOR PUBLICATION**



FILED OCT 25 2005 CLERK, U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA

ENTERED OCT 25 2005

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

In re

Rodolfo Charles Demordaigle,

    Debtor.

Gerardo Monterrubio and Jorge Reynoso,

    Plaintiffs,

v.

Rodolfo Charles Demordaigle,

    Defendant.

Case No. SV 05-12292 MT

Chapter 7

Adv. No. SV 05-01257 MT

**MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT**

Date: October 20, 2005
Time: 2:00 p.m.
Place: Courtroom 302

## Background

On June 16, 1998, Plaintiffs filed their First Amended Complaint against Debtor in state court for Sexual Battery and Intentional Infliction of Emotional Distress. The allegations in the complaint were based Debtor's molestation of Plaintiffs while they were junior high school students. Debtor was their teacher. At the time the civil complaint was filed, Debtor was already serving a prison sentence based on his child molestation of Plaintiffs. Notwithstanding C.C.P. § 425.10, the First Amended

Complaint sought general damages in excess of $25,000, according to proof, and for punitive damages in the sum of $50,000,000. The Summons and First Amended Complaint were served upon Debtor in prison, and there is no dispute that he actually received them.

Debtor failed to appear for trial. In an attempt to comply with C.C.P. § 425.11, on April 3, 2001, Plaintiffs served by mail a Notice of Damages Sought, advising Debtor that Plaintiffs sought damages in the amount of $1.4 million each. On October 29, 2001, the state court, finding that Debtor had "been regularly served with process," entered default judgment against him.

Plaintiffs proceeded to collect on Debtor's assets. Plaintiffs believed that Debtor was fraudulently transferring his assets into a trust and turning them over to one of his former students, who has continued to live in Debtor's house since 1997. Plaintiffs filed suit to void these transfers and to get a judgment against the student to recoup these funds. Just two days before this case was to go to trial, Debtor filed chapter 7 bankruptcy.

On June 2, 2005, Plaintiffs filed their Complaint to determine debts and liabilities nondischargeable under 11 U.S.C. § 523(a)(6). The two debts Plaintiffs pray this Court to order nondischargeable are these two state court default judgments in the amounts of $1.4 million and $750,000, respectively. The relevant underlying state court causes of action were for Sexual Battery and Intentional Infliction of Emotional Distress, both arising from Defendant's acts of child molestation against his junior high school students. Plaintiffs filed this Motion for Summary Judgment on September 13, 2005.

**Summary**

Summary judgment is appropriate when, "viewing [the] evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact . . . ." Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001).

Plaintiffs assert they are entitled to summary judgment as a matter of law since the state court default judgment operates as a collateral estoppel and requires the entry of a nondischargeable judgment against Debtor under 11 U.S.C. § 523(a)(6). Debtor's sole defense is that the default judgment was entered in error under C.C.P. § 425.11.

**Analysis**

Child molestation qualifies as "willful and malicious injury by the debtor to another entity" under 11 U.S.C. § 523(a)(6). As the state court judgment was rendered solely based on such willful and malicious injury, it qualifies as a nondischargeable debt under this section so long as collateral estoppel applies.

Collateral estoppel applies in this case. The five threshold elements for collateral estoppel have all been met. See In re Baldwin, 249 F.3d 912, 917-18 (9th Cir. 2001). The fact that the state court judgment was a default judgment does not present an obstacle in this case to the application of collateral estoppel. Id. at 919. It is clear from the underlying complaint that the default judgment was based solely on allegations in the complaint giving rise to nondischargeability under Section 523(a)(6).

I. Collateral Attack

Debtor's sole defense is that the state court judgment is unenforceable because the default judgment is void. Debtor is seeking to collaterally attack the default judgment based on the Plaintiffs' failure to comply with C.C.P. § 425.11. In certain circumstances, such as those present in this case, a default judgment may be subject to collateral attack in the bankruptcy court. See In re Lake, 202 B.R. 751, 758 (9th Cir. B.A.P. 1996); In re Warn, 258 B.R. 238, 240 (Bankr. N.D. Cal. 2001).

Debtor asserts that the default judgment is void because there was no personal or substitute service of the C.C.P. § 425.11 "Statement of Damages Being Sought." The Statement was served by mail only. Debtor contends that failure to serve the Statement in the manner of a summons is a violation of his due process rights.

While it is true that C.C.P. § 425.11 provides that a non-appearing defendant must be served with a Statement of Damages Being Sought in the same manner as a summons before a default may be taken, that is, by personal or substitute service, see C.C.P. § 415.20(b), nowhere is it mentioned in the statute what the consequences are if the Statement of Damages Being Sought is served otherwise, such as by mail, and default judgment is still entered. California case law has filled this gap.

In Schwab v. Rondel Homes, Inc., 53 Cal.3d 428 (Cal. 1991), the California Supreme Court held that a default judgment should not be "entered against defendants without proper notice to them of the amount of damages sought. A defendant is entitled to actual notice of the liability to which he or she may be subjected, a reasonable period of time before default may be entered." Id. at 435. California Novelties, Inc. v. Sokoloff, 6 Cal. App. 4th 936 (Cal. App. 1992), interpreting the standard set forth in Schwab, held that service by mail of the Statement of Damages Sought met the minimum standards of due process. Id. at 945. Accordingly, the court upheld the default judgment. See also In re Warn, 258 B.R. 238, 240 (Bankr. N.D. Cal. 2001) (upholding default judgment on similar grounds and applying collateral estoppel). Schwab and California Novelties supersede all contrary prior case law cited by Debtor.

California Novelties presents the appropriate analysis. That case held that "there is no hard and fast rule regarding the precise method or timing of service of the section 425.11 statement of damages. Rather, we are to determine in each case whether minimum standards of due process have been met." 6 Cal. App. 4th at 945. "Neither expressly nor by implication does Schwab equate actual notice with personal service of a statement of damages under Code of Civil Procedure section 425.11." Id. at 944.

II. Due Process Analysis

To fully analyze the due process issue, it is first necessary to understand why the C.C.P. § 425.11 "Statement of Damages Sought" is required by the statute. "[T]he clear

-4-

import thereof is to give defendant one 'last clear chance' to respond to the allegations of the complaint and to avoid the precise consequences which have obtained here: a judgment for a substantial sum, well after the time for relief from default has passed . . . [without] any actual notice of her potential liability." Stevenson v. Turner, 94 Cal. App. 3d 315, 319-20 (Cal. App. 1979). Notice of damages sought is essential to the validity of a default judgment. "Code of Civil Procedure, section 580 declares: 'The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint * * *.' The statutory theory is that a defaulting defendant must be given notice of the maximum relief sought in the action, otherwise he is deprived of his day in court. When a court gives greater relief against a defaulting defendant than that demanded by the prayer of the complaint, it is acting to that extent in excess of its jurisdiction, and the judgment is to that extent void." Nemeth v. Trumbull, 220 Cal.App.2d 788, 790-91 (Cal. App. 1963).

The importance of personal or substitute service was described in Englebretson & Co., Inc. v. Harrison, 125 Cal. App. 3d 436 (Cal. App. 1982). While this case was in the context of serving an amended complaint on a non-appearing party, courts interpreting the requirements of C.C.P. § 425.11 have found that its rationale applies by analogy. See, e.g., Plotitsa v. Superior Ct., 140 Cal. App. 3d 755, 759 (Cal. App. 1983).

> If the amended complaint is merely served by mail, the defendant may assume the papers thus received only catalog the procedural steps taken by the plaintiff to obtain a default judgment on the original complaint and the defendant may fail to examine them with the care they deserve. Also, of course, documents sent by ordinary mail may go astray. They may never be delivered at all, or may be delivered to the wrong address, or delivered and then lost by an employee at the defendant's office or by another resident at the defendant's home. In all such instances, the defendant's failure to receive the documents will not soon be discovered by the defendant or by the court if the defendant has decided not to appear in the action. Service of the amended complaint in the manner provided for service of summons is much more likely to result in actual notice to the defendant that something has occurred requiring reassessment of the decision not to contest the action.

Englebretson, 125 Cal. App. 3d at 442-43.

Having addressed the purpose of the C.C.P. § 425.11 "Statement of Damages Sought," the question is whether due process was satisfied in the instant case. Both California Novelties and Warn are highly persuasive authority that service by mail of the C.C.P. § 425.11 "Statement of Damages Sought" does not, in and of itself, render a default judgment based thereon void. However, the question of whether due process was satisfied in this case must be appropriate for adjudication on a motion for summary judgment.

The case of Uva v. Evans, 83 Cal.App.3d 356 (Cal. App. 1978) controls on that question. In Uva, the plaintiff in a dog bite case filed a complaint which stated damages in the amount of $30,000. Doing so violated C.C.P. § 425.10(b), which prohibits personal injury complaints from stating the amount of actual and punitive damages sought. After the defendant failed to appear in the case, the plaintiff served by mail a request to enter default and a request to enter judgment on defendant, again stating damages in the amount of $30,000. No separate C.C.P. § 425 Statement of Damages Sought, denominated as such, was mailed. Notwithstanding this patent failure to comply with the requirements of C.C.P. § 425.11, the court held that the default judgment did not deny the defendant's right to due process. "Right or wrong, the complaint filed and served herein did contain a recitation of the damages sought and the judgment did not exceed the amount requested. . . . Moreover, the amount of damages sought was contained in every piece of paper which plaintiff served on defendant; thus defendant suffered no conceivable prejudice from the procedure followed here. . . . Defendant had ample time to respond had he so desired." Id. at 360-61. Uva noted anecdotally that defendant "has given us no reason to suppose that an additional notice of damages would have been any more successful in prodding him to respond." Id. at 361 n.4.

Uva is completely on point. As in Uva, the Plaintiffs in this case failed to comply with C.C.P. § 425.10 and, instead, stated general damages in excess of $25,000, according to proof, and punitive damages in the sum of $50 million. The Summons and First Amended Complaint were served upon Debtor by substitute service, and Debtor acknowledges receipt. Also, as in Uva, additional documents were served by mail on Debtor, also stating the amount of damages sought.

Because Debtor had sufficient notice of his potential liability, the default judgment in this case is not void. Right or wrong, one way or another Debtor received actual notice of his potential liability in the state court action, and the default judgment did not exceed the amount requested. In point of fact, the default judgment was substantially smaller than the $50 million requested in the First Amended Complaint. Thus, Debtor could have suffered no conceivable prejudice from the procedure followed here. Debtor had ample time to respond if he so desired. As in Uva, Debtor has given no reason to suppose that personal or substitute service of the C.C.P. § 425.11 "Statement of Damages Sought" would have been any more successful in prodding him to respond than a complaint seeking $50 million.

This conclusion is bolstered by the language of C.C.P. § 475, which states, in pertinent part, that "[t]he court must, in every stage of an action, disregard any error, improper ruling, instruction, or defect, in the pleadings or proceedings which, in the opinion of said court, does not affect the substantial rights of the parties." As the substantial rights of the parties are unaffected, any error must be disregarded.

As the default judgment is valid and enforceable, Debtor's due process challenge lacks merit. As the default judgment is not void on its face, Debtor's challenge to the judgment is untimely under C.C.P. §§ 473 and 473.5. See California Novelties, 6 Cal. App. 4th 936, 940 n.2 (Cal. App. 1992).

### III. Lack of Genuine Issues of Material Fact

Debtor asserts that he "was not served with and did not receive a Notice of Damages sought (statement of damages). Prior to the entry of the default judgment the debtor did not have notice and was unaware of the amount or nature of the damages sought against him in the action." Under Uva, this allegation does not create a genuine issue of material fact. As noted above, Debtor agreed that he was properly served with the First Amended Complaint in his Response to Statement of Material Facts. Debtor's counsel also agreed to this point at oral argument.

Even if a genuine issue of material fact were relevant to whether Debtor received actual notice from the C.C.P. § 425.11 "Statement of Damages Sought," Debtor has not presented any admissible evidence to create such a genuine issue. "A trial court can [ ] consider [only] admissible evidence in ruling on a motion for summary judgment." Orr v. Bank of Am., 285 F.3d 764, 773 (9th Cir. 2002) (upholding summary judgment against a party who presented unauthenticated and hearsay evidence in opposition to the motion).

Debtor's Response to Each of the Material Facts Contended by Movant is unsubstantiated by admissible evidence.[1] In this Response, Debtor agrees that default judgment was entered, agrees that this judgment rests on the First Amended Complaint, and agrees that Debtor was served with the Summons and First Amended Complaint. The Debtor, however, disagrees that he was served with a Request for Entry of Default and a Notice of Damages Sought and that he received and sent letters to Plaintiff's counsel in 2003. Even though there is a space for it and even though Plaintiffs did so, Debtor does not list any evidence in this document to support these positions.

What little evidence Debtor tries to admit can be found in the Declaration of Kenneth J. Miele. In this declaration, Debtor's counsel states, in pertinent part:

---

[1] In addition, this document was late filed under L.B.R. 9013-1(e).

- 8 -

> I make this declaration because of the unavailability of the debtor due to his imprisonment and upon personal knowledge based upon my representation of the debtor, telephonic communications, discussions and interviews with the debtor. . . . I have personally and specifically discussed with the Debtor whether or not he ever received a statement of damages or notice of damages sought and whether he was ever aware of the amount of damages the plaintiff sought against him. The debtor was not served with a Notice of Damages Sought (Statement of Damages) and never received a 'Notice of Statement of Damages Sought'.[2] Prior to the entry of the default judgment the debtor was not aware of the amount of the damages sought against him in the action.

These statements are clearly inadmissible hearsay under F.R.E. 801(c), and may not be considered on a motion for summary judgment.

Even if the statements were not hearsay, they are conclusory. Debtor's counsel never declares that Debtor specifically told him any of these things. The declaration merely states that there have been discussions and then Debtor's counsel states his own conclusion. This, too, is insufficient evidence on a motion for summary judgment.

If Debtor had additional evidence he wished to present on this motion, he should have filed a F.R.C.P. 56(f) motion.[3] However, he never did so. Rule 56(f) provides that "[s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." "References in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56(f). Rule 56(f) requires affidavits setting forth the particular facts expected from the movant's discovery. Failure to comply with the requirements of Rule 56(f) is a proper ground for

---

[2] The declaration also states that the "complaint does not state the specific amount of damages sought," however this is clearly untrue. As noted above, the complaint seeks $50 million in damages. Only approximately $3 million was sought at a later stage of this proceeding.

[3] F.R.B.P. 7056 incorporates F.R.C.P. 56 by reference.

denying discovery and proceeding to summary judgment." Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir. 1986).

Debtor's counsel's inferences in his declaration that he was unable to timely get a declaration from his client is insufficient under F.R.C.P. 56(f). Debtor was able to sign his voluntary chapter 7 bankruptcy petition, demonstrating his ability to review and sign legal documents, notwithstanding his incarceration. Debtor's counsel represented his ability to travel to the prison personally to accomplish this task as well. At oral argument, Debtor's counsel attempted to offer a declaration and various documents to supplement his response to this motion, stating that he only recently was able to visit his client in prison. Plaintiffs' counsel was surprised with these items only minutes before the hearing began and argued that he had other correspondence demonstrating that the proffered declaration was untrue. It is precisely this type of unfair surprise and gameplaying that Rule 56(f) seeks to avoid. This motion was discussed as early as two months earlier in a status conference and was filed timely with more than adequate time for Debtor to respond. Counsel could have sought a continuance if he was having difficulty getting his client's declaration, but did not. The last minute submission of such documents does not qualify as grounds to deny or delay this motion.

**Conclusion**

In conclusion, the default judgment is not void for lack of due process, and there are no genuine issues of material fact. Summary judgment is appropriate at this stage. Accordingly, judgment will be entered in favor of Plaintiffs.

DATED: October 25, 2005

*/s/ Maureen Tighe*
MAUREEN A. TIGHE
United States Bankruptcy Judge

- 10 -

## CERTIFICATE OF SERVICE BY MAIL

I certify that a true copy of this **MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT** was mailed on **OCT 25 2005** to the parties listed below:

Kenneth J. Miele
Kenosian & Miele
2633 Lincoln Blvd., No. 614
Santa Monica, CA 90405

Rodolfo Charles Demordaigle
44750 60th St. W. K-76471 B5-119
Lancaster, CA 93536

Lawrence R. Booth
Law Offices of Booth & Koskoff
P.O. Box 6430
Torrance, CA 90504

Amy L. Goldman
Chapter 7 Trustee
221 N. Figueroa St., Ste. 1200
Los Angeles, CA 90012

Office of the U.S. Trustee
21051 Warner Center Ln., Ste. 115
Woodland Hills, CA 91367

Dated: **OCT 25 2005**

_____
DEPUTY CLERK

- 11 -